## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14-CR-057-CVE |
| | ) | |
| JOSE GUADALUPE BECERRA-MOLINA, | ) | |
| a/k/a "Jose Guadalupe Becerra," | ) | |
| a/k/a "Jose Guadalupe Malina," | ) | |
| a/k/a "Juan Villa," | ) | |
| a/k/a "Pito," | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court are defendant's oral motions to continue the jury trial and for the

appointment of substitute counsel. On April 8, 2014, a grand jury returned an indictment charging

defendant with being an illegal alien in possession of a firearm (count one), possession of

methamphetamine with intent to distribute (count two), possession of a firearm in furtherance of a

drug trafficking crime (count three), and illegal reentry into the United States (count four). Dkt. #

12. Defendant was arraigned on April 15, 2014 and he appeared at the arraignment with his court-

appointed counsel, Trevor Lee Reynolds. Defendant and Reynolds appeared at the pretrial

conference on May 8, 2014, and Reynolds advised the Court that he had not promptly met with his

client to discuss a plea offer made by the government. Based on the representations of counsel, the

Court asked defendant if there had been a complete breakdown in communication, and defendant

requested the appointment of substitute counsel. Defendant also requested a continuance of the jury

trial and he executed a speedy trial waiver (Dkt. # 23) in open court. Counsel for the government

states that he is prepared to proceed to trial on May 12, 2014, but he takes no position on the

appointment of substitute counsel and he does not disagree that new counsel would need additional time to prepare for trial.

Defendant's request for a continuance falls under § 3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. Id. The statute directs a court to consider, among other things, whether "the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice continuance can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." Id. at 1271. This requires the parties to provide extensive and specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. Id. at 1272-73. A district court must also give significant weight

to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. Id. at 1273.

The Court has considered defendant's oral motion to continue and finds that it should be granted.  Reynolds acknowledged that he did not meet with his client about a possible change of plea until this week, and he admits that he did not spend sufficient time with defendant to properly advise him about his decision to change his plea or exercise his right to a jury trial.  In these circumstances, it would not be fair to defendant to force him to go to trial when his court-appointed counsel admits that he did not spend adequate time with defendant and this caused a breakdown in the attorney/client relationship.   Defendant should be afforded additional time to consult with an attorney and consider whether he wishes to change his plea or go to trial.  In addition to the interests of the defendant, the Court has considered the public's interest in the speedy resolution of criminal cases and finds that a limited ends of justice continuance will not subvert the public's interest in the prompt prosecution of criminal matters.

Defendant also requests the appointment of substitute counsel.  Based on the representations of defendant and Reynolds at the May 8, 2014 pretrial conference, the Court finds that there has been a complete breakdown of communication, and substitute counsel should be appointed to represent defendant.  Reynolds will be permitted to withdraw from his representation of defendant and Stephen Knorr will be appointed to represent defendant.

**IT IS THEREFORE ORDERED** that defendant's oral motion to continue the jury trial is **granted**, and the jury trial set for May 12, 2014 is **stricken**.  The following amended scheduling order is hereby entered:

| | |
|---|---|
| Motions due: | May 23, 2014 |
| Responses due: | June 3, 2014 |
| PT/CP/Motions Hearing: | **June 6, 2014 at 9:30 a.m.** |
| Voir dire, jury instructions, and trial briefs due: | June 9, 2014 |
| Jury Trial: | **June 16, 2014 at 9:15 a.m.** |

**IT IS FURTHER ORDERED** that the time between May 12, 2014 and June 16, 2014 is excludable pursuant to 18 U.S.C. § 3161(h)(7).

**IT IS FURTHER ORDERED** that Trevor Lee Reynolds is **withdrawn** as defense counsel and Stephen J. Knorr is appointed as substitute counsel.  Knorr is reminded to submit a CJA Form 20 upon his entry of appearance in this matter.

**DATED** this 8th day of May, 2014.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

4