# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 14-CR-0057-001-CVE |
| JOSE GUADALUPE BECERRA-MOLINA, ) | |
| aka "Jose Guadalupe Becerra," ) | USM Number: 13226-062 |
| aka "Jose Guadalupe Malina," ) | |
| aka "Juan Villa," ) | |
| aka "Pito," ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court is defendant's motion for modification of sentence (Dkt. # 41). Defendant requests modification of the judgment to excise the terms of supervised release.

On September 3, 2014, defendant appeared for sentencing following his plea of guilty to count three – possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i), and count four – alien in the United States after deportation, in violation of 8 U.S.C. § 1326(a). Defendant was sentenced to sixty months in the custody of the Bureau of Prisons as to count three, and zero months as to count four, said counts to run concurrently, each with the other. The Court imposed a two-year term of supervised release in count three, and a one-year term in count four, said terms to run concurrently, each with the other. Standard conditions of supervised release were imposed, along with three special conditions – a search condition, a condition requiring participation in drug treatment and testing, and a condition mandating his surrender immigration authorities for deportation.

Defendant moves to strike the terms of supervised release, arguing the Sentencing Guidelines advise against the imposition of a term of supervised release for defendants subject to deportation. Defendant cites USSG § 5D1.1(c), which reads:

> The court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment.

District courts are not bound by the Guidelines, but must consult the Guidelines and take them into account when sentencing. United States v. Booker, 543 U.S. 220, 245–46, 259, 264 (2005). A term of supervised release is authorized for each offense of conviction, provided the Court considers the sentencing factors set forth in 18 U.S.C. § 3553(a). See 18 U.S.C. § 3583(a) and (c). At sentencing, the Court determined that supervised release was necessary, stating "[a] term of supervised release is appropriate and will served as an additional deterrent to reentry, as well as provide the defendant with necessary supervision and treatment in the event he is not deported." See Statement of Reasons, at 4.

Further, the Court does not have the authority to amend the judgment. A district court's authority to reconsider sentencing may only stem from a statute or rule of criminal procedure that expressly grants the court jurisdiction to do so. United States v. Mendoza, 118 F.3d 707, 709 (10th Cir. 1997); see United States v. Smartt, 129 F.3d 539, 541 (10th Cir. 1997) (holding that unless the basis for resentencing falls within one of the specific categories authorized by statute, the district court lacks jurisdiction to consider defendant's request); United States v. Blackwell, 81 F.3d 945, 947, 949 (10th Cir.1996) (holding a district court is authorized to modify a defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so, so a district court does not have inherent power to resentence defendants at any time); 18 U.S.C. §

3582(b).  See also Fed. R. Crim. P. 35(a) – Correcting or Reducing a Sentence; United States v. Green, 405 F.3d 1180 (10th Cir. 2005) (district court did not have jurisdiction to resentence defendant more than [fourteen] days after imposition of sentence).

Defendant's request to modify the judgment by excising the terms of supervised release must be dismissed for lack of jurisdiction.

**IT IS THEREFORE ORDERED** that defendant's motion for modification of sentence (Dkt. # 41) is **dismissed for lack of jurisdiction**.

**IT IS SO ORDERED** this 11th day of June, 2015.

*[signature]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE