# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14-CR-0057-CVE |
| ) | (16-CV-0417-CVE-JFJ) |
| JOSE GUADALUPE BECERRA-MOLINA, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

On June 22, 2016, defendant Jose Guadalupe Becerra-Molina filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 44). Defendant subsequently filed a second § 2255 motion (Dkt. # 52). Section 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."

On March 12, 2014, a magistrate judge signed a complaint charging defendant with possession of methamphetamine with intent to distribute, possession of a firearm in furtherance of a drug trafficking crime, and possession of a firearm by an illegal alien. Dkt. # 1. Defendant was arrested and made his initial appearance on March 14, 2014. The magistrate judge appointed counsel for defendant, and he was detained pending trial. On April 8, 2014, a grand jury returned an indictment charging defendant with being an illegal alien in possession of a firearm (count one), possession of methamphetamine with intent to distribute (count two), possession of a firearm in furtherance of a drug trafficking crime (count three), and illegal reentry after prior deportation (count

four). Defendant appeared at a pretrial conference on May 8, 2014, and he was represented by Trevor Reynolds. Defendant requested the appointment of substitute counsel, and the Court found that there had been a complete breakdown of the attorney/client relationship. Dkt. # 24. The Court appointed Stephen Knorr as substitute counsel and continued the jury trial to provide substitute counsel sufficient time to prepare for trial. Id. Defendant subsequently pled guilty to counts three and four of the indictment and, pursuant to a plea agreement, the remaining charges were to be dismissed at sentencing. Dkt. ## 25, 28. On September 3, 2014, a sentencing hearing was held, and defendant was sentenced to 60 months as to count three and zero months as to count four, and the sentences were ordered to run consecutively. Dkt. # 30. The judgment and commitment was filed on September 4, 2014. Defendant did not file a notice of appeal, and his convictions and sentence became final on September 18, 2014.

On June 22, 2016, defendant filed a motion (Dkt # 44) seeking a reduced sentence in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). The Court converted defendant's motion into a motion to vacate, set aside, or correct sentence under § 2255. Dkt. # 45. In Johnson, the Supreme Court found that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA), was unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment. Johnson, 135 S. Ct. at 2556-57. In Welch v. United States, 136 S. Ct. 1257 (2016), the Supreme Court held that Johnson is retroactively applicable to cases on collateral review. Johnson was decided by the Supreme Court on June 26, 2015, and a motion

seeking relief under Johnson would be timely if it were filed no later than June 27, 2016.[1] See Dodd v. United States, 545 U.S. 353 (2005) (one year statute of limitation under § 2255 (f)(3) runs from the date that the Supreme Court initially recognized a new constitutional right, rather than the date the new right was made retroactive to cases on collateral review). The Court ordered plaintiff to respond to defendant's § 2255 motion. Dkt. # 48. Plaintiff filed a motion to dismiss (Dkt. # 49) and argued that defendant's § 2255 motion was meritless. Instead of filing a response to the motion to dismiss, defendant filed a notice of appeal (Dkt. # 50) and it appeared that he believed his § 2255 motion had been dismissed. The Court entered an order (Dkt. # 51) clarifying that defendant's § 2255 motion had not been dismissed, and the Court extended his deadline to file a response. Plaintiff did not file a response to the motion to dismiss and, instead, he filed a second § 2255 motion raising new ineffective assistance of counsel claims.

The Court will initially consider the original § 2255 motion (Dkt. # 44) filed by defendant. Plaintiff argues that defendant was not convicted of being a felon in possession of a firearm and he was not sentenced under the ACCA, and plaintiff asserts that Johnson is inapplicable. In United States v. Greer, 881 F.3d 1241 (10th Cir. 2018), the Tenth Circuit narrowly construed the new constitutional right recognized in Johnson and stated that Johnson merely allows a defendant to challenge the validity of a sentence under the ACCA. Id. at 1248. The defendant in Greer asked the Tenth Circuit to apply the reasoning of Johnson to the United States Sentencing Guidelines (USSG),

---

[1] When calculating the one year statute of limitations under § 2255, federal courts refer to Fed. R. Civ. P. 6(a) to compute the applicable deadline. United States v. Hurst, 322 F.3d 1256, 1260 (10th Cir. 2003). Under Rule 6(a)(1)(C), if a deadline falls on a Saturday, Sunday, or legal holiday, the time period continues to run until the next day that is not a weekend or legal holiday. June 26, 2016 was a Sunday and defendant's deadline to file a § 2255 motion asserting a Johnson claim was June 27, 2016.

3

but the Tenth Circuit found that this was not a true Johnson claim. Id. In this case, defendant was not sentenced under the ACCA and Johnson is not applicable to defendant's convictions.

The Court finds that defendant's claim in his original § 2255 motion (Dkt. # 44) does not fall within the scope of Johnson and, even if it did, defendant does not qualify for relief under Johnson. Even if the reasoning of Johnson were applicable, this would have no effect on defendant's conviction for possession of a firearm in furtherance of a drug trafficking crime in violation of § 924(c). Johnson invalidated the residual clause of § 922(e), and § 924(c) has a similar residual clause that has now been deemed unconstitutional. United States v. Davis, 139 S. Ct. 2319 (2019); United States v. Salas, 889 F.3d 681 (10th Cir. 2018). The line of reasoning in Davis and Salas implicate the definition of "crime of violence" under § 924(c), but defendant was convicted of possessing a firearm in furtherance of a drug trafficking crime. Johnson, either directly or indirectly, has no impact on the definition of "drug trafficking crime," and defendant's § 924(c) conviction remains valid after Johnson and subsequent decisions applying the reasoning of Johnson. Defendant's Johnson claim is meritless and his motion (Dkt. # 44) should be denied.[2]

Defendant has filed a second § 2255 motion (Dkt. # 52) raising entirely different claims from the Johnson claim raised in his original § 2255 motion. The Court has reviewed the second § 2255 motion and finds that it cannot be considered a timely amendment that merely supplements or clarifies an existing claim. See United States v. Espinoza-Saenz, 235 F.3d 501, 505 (10th Cir. 2000). Instead, defendant asserts entirely new claims of ineffective assistance of counsel related to his

---

[2] Defendant's motion (Dkt. # 44) is also untimely under § 2255(f), because defendant cannot rely on § 2255(f)(3) without a valid Johnson claim. However, plaintiff's motion to dismiss focused on the merits of defendant's Johnson claim and the Court will resolve defendant's motion (Dkt. # 44) on this basis.

change of plea, sentencing hearing, and defense counsel's failure to file a notice of appeal. The second § 2255 motion was filed on September 26, 2016, and defendant's conviction became final on September 18, 2014. Even if defendant had not filed his original § 2255 motion, his second § 2255 motion would have been untimely under § 2255(f)(1). The Court will treat defendant's motion (Dkt. # 52) as a second or successive § 2255 motion and defendant will need to obtain authorization from the Tenth Circuit to proceed with this motion.

The Tenth Circuit has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). Citing Trujillo v. Williams, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), the Tenth Circuit stated that "[f]actors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Cline, 531 F.3d at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the mater to this court for authorization." Id. at 1252 (citing Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases).

Under § 2255(h), a defendant is permitted to file a second or successive § 2255 motion based on claims of:

5

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). The claims asserted in defendant's second § 2255 motion are not based on newly discovered evidence or new rules of constitutional law, and the Court finds no likelihood that the Tenth Circuit would find that defendant's motion (Dkt. # 52) contains a meritorious claim for relief. The claims asserted in defendant's second § 2255 motion are ordinary ineffective assistance of counsel claims that could have been asserted in his original § 2255 motion, and there is little chance that defendant will be permitted to proceed with these claims on a second or successive § 2255 motion.

The Court will consider whether a certificate of appealability should issue as to defendant's original § 2255 motion or second § 2255 motion (Dkt. # 52). Rule 11 of the Rules Governing Section 2255 Proceedings instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). After considering the record in this case, the Court concludes that a certificate of appealability should not issue as defendant has not made a substantial showing of the

denial of a constitutional right. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently.

**IT IS THEREFORE ORDERED** that defendant Jose Guadalupe Becerra-Molina's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 44) is **denied**, and defendant's second motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 52) is **dismissed for lack of jurisdiction** A separate judgment is entered herewith

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability as to any claim raised in defendant's motions (Dkt. ## 44, 52).

**IT IS FURTHER ORDERED** that plaintiff's Motion to Dismiss Defendant's § 2255 motion (Dkt. # 49) is **moot**.

**DATED** this 30th day of August, 2019.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE